UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICK L. LAMTMAN, | ) | CASE NO. 5:11CV01406 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | MEMORANDUM OPINION |
| COMMISSIONER OF | ) | AND ORDER |
| SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Objections by the Plaintiff, Rick L. Lamtman ("Plaintiff"), to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Plaintiff's Appeal of the Social Security Administration's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI) under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 416(I); 423(d); 1381(a); 1382(c).  On February 8, 2012, Magistrate Judge Vernelis K. Armstrong issued an R&R recommending that the Commissioner's decision be affirmed. Plaintiff timely objected, and the Commissioner responded to the objections.

For the reasons stated below, the objections are overruled. The R&R is adopted and the findings of the Commissioner are AFFIRMED.

The District Court conducts a de novo review of those portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In social security cases, ultimate judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of*

1

*So.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that fact finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

In his objections, Plaintiff states that he "objects to the Magistrate Judge's Report primarily due to her analysis on page 16 to 18 of her report.  On these pages, the Magistrate Judge found that the ALJ properly evaluated the opinion of Dr. Osman."  Although not specifically delineated, with regard to Dr. Osman's reports it appears Plaintiff contends that the Magistrate Judge erred in concluding that 1) Dr. Osman was not a treating source, that 2) the examination findings did not support Dr. Osman's assessment.  Finally, Plaintiff takes issue with the Magistrate Judge's conclusions with regard to evaluating Plaintiff's non-compliance with medical treatment.

This Court concludes that the ALJ set forth his findings and conclusions and pointed to substantial evidence for support. A reasonable mind could accept the relevant evidence as adequate to support the ALJ's conclusion. *Warner* 375 F.3d at 390. First, the ALJ presented substantial evidence to support the determination that Plaintiff "clearly has problems associated with his cervical spine as well as a depressive disorder, [but] these impairments are not so disabling as to prohibit him from performing at least some basic work activities." The ALJ found inconsistencies between Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms and the residual functional capacity assessment. Thus, the ALJ deemed these statements implausible. The ALJ concluded that

>  the [ ] residual functional capacity assessment is supported by [Plaintiff's] daily activities. [Plaintiff] is able to do light household chores, including mowing the lawn with a riding mower and the laundry. He is able to go to the store when necessary and when a friend or family member is able to drive him. Although I do not doubt [Plaintiff] experiences pain and other symptoms resulting from his impairments, he has not sought out the type of medical treatment one would expect for a totally disabled individual. When prescribed medication, [Plaintiff] does not follow through and comply with treatment. He has said that he is unable to afford pain medication, and so takes either no pain medication or only aspirin. On the other hand, [Plaintiff] also reported throughout the record that he drinks a 12-pack of beer several times each week. If [Plaintiff's] symptoms were as severe as he has alleged, one would expect that he would modify his spending habits in order to afford a stronger pain medication.

Plaintiff objects to the Magistrate Judge's analysis of Dr. Osman's opinion. When reviewed alone, the limitations as stated by Dr. Osman would most likely support a finding that Plaintiff is disabled. However, the ALJ afforded little weight to Dr. Osman's opinions.  The Magistrate Judge concluded that the ALJ properly declined to consider Dr. Osman as a "treating source" and because Dr. Osman was not a "treating source whose opinions were entitled to controlling weight, the ALJ was not required to provide clear and convincing reasons for rejecting Dr. Osman's opinion."   Plaintiff points to the absence of the term "treating source" in the ALJ's decision, and asserts the Magistrate Judge's reasoning constitutes an impermissible post-hoc rationalization. Plaintiff contends that if this Court were to utilize the "treating source" standard, the Court should identify Dr. Osman as a "treating source" and afford his opinion controlling weight.

In social security cases involving a claimant's disability, the Commissioner's regulations require that if the opinion of the claimant's treating physician is well-supported by medically acceptable clinical and laboratory diagnostic technique and is not inconsistent with the other

3

substantial evidence in the claimant's case record, it will be given controlling weight. *Johnson v. Commissioner of Social Security*, 652 F.3d 646, 651 (6th Cir. 2011) (*citing* 20 C.F.R. § 404.1527(d)(2)).

"If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors, namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (*citing Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004) (*quoted with approval in Bowen v. Commissioner of Social Security*, 478 F.3d 742, 747 (6th Cir. 2007)). Even if the treating physician's opinion is not given controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Id.* (*citing Rogers v. Commissioner of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007)). Opinions of a specialist with respect to the medical condition at issue are given more weight than a nonspecialist. *Johnson, supra*, (*citing* 20 C.F.R. § 404.1527(d)(5)).

The Court does not accept Plaintiff's argument that the Magistrate Judge erred by making a post-hoc rationalization regarding the treatment of Dr. Osman's opinion. The Court concludes that the ALJ properly applied the factors necessary to determine the appropriate weight to accord Dr. Osman's opinion. Plaintiff correctly notes that the *term* "treating source" never appears in the ALJ's decision; however, the ALJ applied the same reasoning as required by the "treating physician standard of review." See *Hensley*, 573 F.3d at 266. The ALJ utilized the "treating source" standard by reviewing the various factors, such as the specialization of the treating source, in determining what weight to assign to Dr. Osman's opinion. Even though the ALJ

never explicitly stated he used the "treating physician standard of review" to determine that Dr. Osman was not a "treating physician" this is in effect what he did. The Magistrate Judge, in reviewing the ALJ's decision, simply put a label to ALJ's analysis. As such, this Court cannot conclude that the Magistrate Judge formulated this reasoning after the fact. Therefore, the Magistrate Judge's argument does not constitute post-hoc rationalization.

Moreover, to the extent that Plaintiff argues that the ALJ did not give appropriate weight to Dr. Osman, this Court overrules his objection and affirms the Commissioner's decision to attribute less weight to Dr. Osman's opinions. The ALJ stated:

> I give little weight to Dr. Osman's opinion. Dr. Osman is an internist and so does not specialize in spinal matters. In addition, Dr. Osman's own treatment notes do not support his opinion as the neurological aspects of his physical examinations have been noted as fairly normal. Although the MRI results contained positive findings, these results do not change the fact that there were few positive findings made in Dr. Osman's physical examinations.

Additionally, as indicated by the Magistrate, Dr. Osman did not administer any diagnostic tests on Plaintiff's second or third visits to assess the source of the back or neck pain. Furthermore, Dr. Osman never performed any clinical or laboratory diagnostic techniques to substantiate the presence of Plaintiff's tremors. Accordingly, there is no basis for the extreme functional limitations reported by Dr. Osman to the Office of Unemployment Compensation. Because substantial evidence supports the Commissioner's decision, this Court will defer to his fact finding. *Warner, 375* F.3d at 390.

Even if this court were to improperly discredit the ALJ's conclusion as to the weight applied to Dr. Osman's opinion, substantial evidence exists to support the Commissioner's decision that Plaintiff is not disabled. Therefore, this Court will defer to that finding "even if

there is substantial evidence in the record that would have supported an opposite conclusion." *Warner*, 375 F.3d at 390.

Lastly, Plaintiff makes passing mention to the Magistrate Judge's discussion of the ALJ's discussion of Plaintiff's non-compliance with medical treatment. As the Magistrate Judge explained, "[a]n impairment that can be remedied by treatment cannot service as a basis for a finding of disability." *Gross v. Astrue*, 2009 WL 3270194, *2 (E.D. Ky. 2009) (*citing Harris v. Heckler,* 756 F.2d 431, 436 (6th Cir. 1985)). The Magistrate Judge fully set forth the non-compliance with treatment standard and thus this Court will not reiterate it in full. Notably, the Magistrate Judge explained that the applicable regulations require a condition precedent to the satisfaction of the non compliance standard: the claimant must have a disabling impairment. The Magistrate Judge concluded that "the treatments memorialized in their records are not indicative of impairment that meet either the severity or durational requirements of a disabling impairment. Since Plaintiff cannot establish that he had a disabling impairment, the Magistrate need not address whether prescribed treatment could restore his ability to work or whether he had a good reason for failing to follow the prescribed treatment under 20 C.F.R. §§404.1530, 416.930 404 or SSR 82-59." The Magistrate Judge further stated that the ALJ

> acknowledged that Plaintiff testified that he had a meager income and he used this income to purchase alcohol and illicit drugs. He did not penalize Plaintiff for having a meager income or using alcohol and illicit drugs. Instead, the ALJ considered Plaintiff's drug and alcohol uses in evaluating the intensity and severity of his symptoms. The ALJ discredited Plaintiff's assessment of the severity, intensity and consistency of his symptoms since he voluntarily used his meager income to purchase alcohol and illicit drugs and the relied on over-the-counter medications to treat his symptoms. Considering the entire record, it is clear that the ALJ considered Plaintiff's use of illicit drugs in assessing the intensity and persistence of Plaintiff's symptoms. Substantial evidence in

> the form of Plaintiff's admissions supports the ALJ's decision to discredit Plaintiff's statements."

Plaintiff states in his objections that "[t]he Magistrate Judge is correct that the ALJ was likely citing to Lamtman's non-compliance in an effort to evaluate his credibility." While Plaintiff's objection on this issue is not clear, to the extent that he challenges the Magistrate Judge's application of the non-compliance with treatment standard, his objection is overruled.

Plaintiff's objections are OVERRULED and the Magistrate Judge's R&R is ADOPTED IN WHOLE. Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.

**IT IS SO ORDERED.**


Dated: 7/17/12                                    /s/ John R. Adams
                                                  **JOHN R. ADAMS**
                                                  **UNITED STATES DISTRICT JUDGE**